# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**ISAAC PHILLIPS**,

      Plaintiff,

    **v.**                            **Case No. 25-CV-315**

**TRICIA WEISNICHT,** *et al.*,

      Defendants.

## ORDER

On March 31, 2026, plaintiff Isaac Phillips, who is incarcerated and representing himself, filed a motion to compel the defendants to provide more detailed answers to his requests for admission. (ECF No. 28.) Phillips argues that the defendants' objections were simply a pattern response, and the defendants did not meaningfully respond to many of his 95 requests for admission.

For request nos. 1-35, 41, 49, 50, 54, 67-70, 79, 91, 93-95, Phillips contends that the defendants' objection that the requests are ambiguous is untrue because he was asking for the defendants to admit or deny particular information that he summarized from his medical record. He further contends that objecting to his failure to attach the medical record to which he is referring is baseless because he is not asking the defendants to admit to the genuineness of a document, but to confirm "the who, what, and when factual details concerning his treatment." (ECF No. 28 at 5.)

For requests nos. 3-8, 11-16, 19, 21, 23, 37-38, 41, 50, 54, 67-70, 79, and 91, Phillips takes issue with the defendants affirmatively alleging that the medical record speaks for itself. He argues that such a response is "nonresponsive." (ECF No. 28 at 5.) He also notes that he only occasionally quoted or cited from the medical record, so it is not clear to him which part speaks for itself. (*Id.* at 6.) Similarly, for requests no. 2, 10, 35, 49, 93-95, the defendants admitting "only to those allegations consistent with the certified medical record" misses the point of having the defendants admit or deny his proposed request "based on a comparison of the content in the request and the certified medical record." (*Id.* at 7.)

For requests nos. 17-18, 21-35, and 95, he argues that the defendants should not be able to object based on a request being outside the scope of the lawsuit because "parties are permitted to obtain discovery 'regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action." (ECF No. 28 at 8; quoting Fed. R. Civ. P 26(b)(1)).

Phillips requests that the court order the defendants to file amended responses.

The majority of Phillips's requests seek confirmation of facts that are recorded in the medical record. It is appropriate for the defendants to defer to the medical record. It adds nothing for a party to admit or deny what a document says or does not say when the documents are available for the judge and/or jury to read. Moreover, Phillips admits that he paraphrased or summarized information from the medical record to create the facts in his requests. The requests, then, are his interpretation of the medical records. The

2

defendants do not have to admit or deny the accuracy of his interpretation of the facts and are entitled to point to the documents.

As for the objections to scope, Phillips still has to explain why the out-of-scope information he is requesting be admitted is relevant. He does not argue or explain in his motion to compel the relevance of this information, so the court has no basis upon which to compel the defendants to provide more information.

Phillips's motion to compel is denied.

The court stayed the briefing of the defendants' motion for summary judgment pending resolution of this motion. Now that the motion to compel is resolved, Phillips's response to the defendants' motion for summary judgment is due **August 6, 2026.** The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

**IT IS THEREFORE ORDERED** that Phillips's motion to compel (ECF No. 28) is **DENIED**.

**IT IS FURTHER ORDERED** that Phillips's response to the defendant's motion for summary judgment is due **August 6, 2026.** The defendants' reply, should they wish to file one, is due in accordance with the applicable local rules.

3

Dated in Milwaukee, Wisconsin this 7th day of July, 2026.

BY THE COURT

WILLIAM E. DUFFIN
United States Magistrate Judge

4